UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLORIA KENWORTH ANTHONY
WIFE OF/AND KEITH ANTHONY

VERSUS

ADVANCED CRANE & HOIST
SERVICES, INC. ET AL

CIVIL ACTION

NO. 10-43-BAJ-DLD

c/w NO. 10-55-BAJ-DLD

## RULING AND ORDER

This matter is before the Court pursuant to a Cross Claim (doc. 25) and a Motion for Summary Judgment (doc. 45) filed by Cross Claimant Defendant, HR&P Solutions, Inc. ("HR&P" or "Cross Claimant Defendant" or "Cross Claimant Defendant HR&P"). Cross Defendant, Advanced Crane & Hoist Services, Inc. ("Cross Defendant" or "Advanced Crane" or "Cross Defendant Advanced Crane"), opposes Cross Claimant Defendant's motion (doc. 48). Cross Claimant Defendant has replied to Cross Defendant's opposition (doc. 54). This suit is brought under the jurisdiction of 28 U.S.C. §§ 1332.

## BACKGROUND

I. **Uncontested Facts**

Pursuant to LR 56.1, Cross Claimant Defendant has submitted a statement of undisputed material facts (doc. 45-2). Cross Defendant has not contested

those facts, as permitted under LR 56.2. Therefore, pursuant to LR 56.2, certain material facts will be deemed admitted for purposes of this motion.[1]

The uncontested facts are as follows:

- Both parties agree that Cross Claimant Defendant HR&P is a staff leasing company which processes payroll and employee benefits for other companies (doc. 45-2 ¶ 6).

- According to HR&P, their company is not involved in, nor does it have control over, any of Advanced Crane's work, operations, business, or services (doc. 45-2 ¶ 9).

- Both parties agree that on March 14, 2003, HR&P and Advanced Crane entered into an agreement entitled "Client Service Agreement" ("The Agreement"). According to HR&P, their company agreed to provide human resource and personnel services to Advanced Crane, as described in the terms of the agreement (doc. 45-2 ¶ 1).

- According to HR&P, the Agreement between the parties states that the Agreement will be governed by the laws of the United States and the laws of the State of Texas. (doc. 45-2 ¶ 4).

- According to HR&P, the Agreement specifically allows for the recovery of attorneys' fees and costs by the prevailing party if there is a dispute under the contract (doc. 45-2 ¶ 5).

- Both parties agree that on or about January 21, 2009, Keith W. Anthony operated a mobile crane (cherry picker). He was allegedly directed by an employee, agent, and/or representative of Advanced Crane to remove and replace overhead cranes at the Southland Steel facility in Greensburg, Louisiana (Second Amen. Compl. ¶ 7).

---

[1] LR 56.2 provides:
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

2

- Both parties agree that Mr. Anthony was seriously injured when he was pinned underneath a mobile crane (cherry picker) that overturned while executing a lift and removal of an overhead bridge crane (Second Amen. Compl. ¶ 9).

- Both parties agree that on January 15, 2010, Plaintiffs, Gloria and Keith Anthony ("Plaintiffs") filed their Original Complaint for Damages (doc. 1) arising out of an alleged accident on January 21, 2009 (doc. 45-2 ¶ 10).

- According to HR&P, the Agreement requires that Advanced Crane indemnify, and defend HR&P from any and all claims for liability and/or damage arising out of Advanced Crane's "business," "operations," and "services (doc. 45-2 ¶ 14)."

- According to HR&P, all activities ongoing at the Southland Steel facility involved Advanced Crane's "business," "operations" and "services (doc. 45-2 ¶ 15)."

- According to HR&P, the Agreement with Advanced Crane contains a heading, "Liability Insurance." According to HR&P, this heading requires Advanced Crane to obtain a commercial general liability insurance policy, with defined coverage limits. The section also requires that Advanced Crane lists HR&P as an additional insured and waive all rights of subrogation against them (doc. 45-2 ¶ 17).

- According to HR&P, Advanced Crane did not add them as a named insured on its commercial general liability policy with Scottsdale Insurance Company (doc. 45-2 ¶ 19).

- According to HR&P, prior to the alleged accident, Advanced Crane failed to notify them that it was conducting work outside of the State of Texas, as required by the Agreement (doc. 45-2 ¶ 21).

## ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is

entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2411, 91 L. Ed.2d 202 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986).

Cross Claim Defendant HR&P filed a cross-claim against Cross Defendant Advanced Crane, alleging, *inter alia*, that Advanced Crane is in breach of the Client Service Agreement it entered into with HR&P, and has a duty to defend, hold harmless and indemnify HR&P in the current litigation (doc. 45-1, at 1).

I. **Conflict of Laws**

A Federal Court adjudicating a diversity matter applies the choice-of-law rules according to the state in which it sits. *Interfirst Bank Clifton v. Fernandez*, 853 F.2d 292, 294 (5th Cir. 1988). Here, Louisiana's choice-of-law provisions will govern the determination of which substantive law applies.

4

Under Louisiana law, contracting parties may choose the state law that will govern the agreement between them. *See Sentilles Optical Servs. v. Phillips*, 26,594 (La. App. 2 Cir. 3/1/95); 651 So. 2d 395, 398. The choice of state law made by the parties "will be given effect, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537." La. Civ. Code art. 3540. Furthermore, the party seeking to prove that the choice-of-law provision in a contract is invalid bears the burden of proof. *Delhomme Industries, Inc. v. Houston Beechcraft*, 669 F.2d 1049 (5th Cir. 1982).

Here, the parties chose to have Texas law govern their Client Services Agreement (Ex. A, at 8). Thus, the threshold question, for purposes of determining which laws shall apply, is whether Advanced Crane has shown that the application of Texas law violates strong Louisiana public policy considerations.

### A. Enforcement of Defense, Indemnity, and Hold Harmless Agreements

The Court concludes that Advanced Crane has not shown that applying Texas law, in conjunction with the choice of law provision, violates strong Louisiana public policy considerations. Generally, the parties to domestic contracts should have autonomy to stipulate that the law of a foreign state will govern the interpretation and construction of the contract. E. Scoles & P. Hay, *Conflict of Laws* 637 (1984). A federal district court sitting in Louisiana enforced such a stipulation in *Fine v. Property Damage Appraisers, Inc.* 393 F. Supp. 1304

(E.D. La. 1975). There, the court held that a choice of law clause required Texas law to govern the interpretation of a franchise agreement with regard to the agreement's option to renew. *Id.* at 1308.

Here, Advanced Crane argues that Louisiana courts strictly construe contract indemnity provisions when an indemnitee's negligent acts resulted in the loss. Relying principally on *Polozola v. Garlock, Inc.*[2], Advanced Crane asserts that because indemnity provisions are strictly construed under Louisiana law, to apply Texas law would go against Louisiana's strong public policy. The Court disagrees for several reasons.

First, the issue in *Polozola* was whether National Maintenance Corporation had obligated itself under the maintenance contract with Dow Chemical Company to indemnify the three Dow employees and their liability insurer against the loss and expense that they had incurred in the defense and settlement of Polozola's claims. *Id.* at 1002. The court held that a corporation may indemnify itself against the consequences of its own negligence, if the contract expressly so provides. *Id.* at 1004. *Polozola* does not hold that strong Louisiana public policy considerations favor strictly construing indemnification clauses in negligence actions.

Second, Louisiana courts have allowed full indemnity for parties with indemnity agreements similar to the one in dispute. The Louisiana Supreme Court has held that the majority rule is:

---

[2] *Polozola v. Garlock*, 343 So.2d 1000 (La. 1977).

6

"A contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms."

*Berry v. Orleans Parish Sch. Bd.*, 830 So. 2d 283, 285 (La. 2002).

Here, the agreement indemnifies and does so in unequivocal terms. In addition to language requiring Advanced Crane to indemnify, defend, and hold HR&P harmless for damage of any nature, the provision states that "these indemnity obligations apply without regard to the fault or negligence of party or parties (Ex. A, at 5)." Because a Louisiana court would likely grant full indemnity under the provision, Advanced Crane has failed to show that the application of Texas law violates strong Louisiana public policy considerations.[3] Therefore, the choice of Texas state law, made by the parties, will be given effect.

## II. Indemnification

### A. Validity of the Provision

Under Texas law, in order for an indemnity agreement which indemnifies a party from the consequences of his own negligence to be valid, the agreement must comply with the fair notice doctrine. Under this doctrine, the agreement must meet both the requirements of the express negligence doctrine and that of conspicuousness. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

---

[3] Furthermore, Texas has an equivalent to the Louisiana majority rule. The rule is known as the "express negligence doctrine." Under that doctrine, intent to indemnify one of the parties from the consequences of its own negligence "must be specifically stated in the four corners of the document." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

7

Here, the indemnification provision fully satisfies both fair notice requirements. Under the express negligence doctrine, an intent to indemnify one of the parties from the consequences of its own negligence, "must be specifically stated in the four corners of the document." *Id.* (quoting *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 707 (Tex. 1987)). Here, as previously noted, the agreement indemnifies in unequivocal terms by stating that "these indemnity obligations apply without regard to the fault or negligence of party or parties (Ex. A, at 5)."

Under the conspicuousness requirement, "something must appear on the face of the contract to attract the attention of a reasonable person when he looks at it." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). A simple reading of the agreement readily and unambiguously reveals the relevant provisions. Specifically, in the agreement: 1) the indemnity title is in all capitalized letters, 2) the title is in all bold letters, and 3) the section is found in the main body of the document. Therefore, the indemnity provision satisfies the fair notice requirement and is valid under Texas law.

### B. Application of the Provision

Once the indemnity provision is deemed valid, the Court must next determine whether the indemnity provision applies to the facts alleged in the suit. Under Texas law, the same general rules that relate to the construction of contracts are applicable to indemnity contracts. *Sun Oil Co. (Delaware) v. Renshaw Well Service, Inc.*, 571 S.W.2d 64 (Tex. Civ. App. 1978); *Gulf, C. &*

8

*S.F. Ry. Co. v. Coca-Cola Bottling Co. of Cleburne*, 363 F.2d 465 (5th Cir. 1966). Furthermore, the words of an indemnity agreement are to be given their ordinary and common meaning in determining the intent of the parties. *Tubb v. Bartlett*, 862 S.W.2d 740 (Tex. App. 1993). Here, the indemnity provision states:

> "Client hereby agrees to indemnify, defend, and hold HR&P harmless from and against any and all liability, expense (including court costs and attorneys' fees) and claims for damage of any nature whatsoever...which may be asserted or claimed against HR&P arising out of, based on or related to Client's business, operations, products, goods, services, premises, vehicles, machinery or equipment, or the acts, errors or omissions of the Staff." (Ex. A, at 5).

When the words of this provision are given their common and ordinary meaning, it is clear that the intent of the parties was for the provision to cover the facts alleged in this complaint.

According to the Second Amended Complaint, Keith W. Anthony was instructed by his supervisor at Southland Steel to operate a mobile crane (cherry picker) as directed by Advanced Crane's employee, agent, and/or representative (Second Am. Compl. ¶ 7). Mr. Anthony was seriously injured and has now brought an allegation of negligence against Advanced Crane and HR&P. A reasonable interpretation of the terms "acts, errors or omissions of the Staff" would include allegations of negligence. Thus, the intent of the parties to the agreement was for the indemnity provision to cover the allegations of negligence found in the complaint.

### C. Duty to Indemnify

Once the indemnity provision is said to apply, the threshold question is whether Advanced Crane has a duty to indemnify under the agreement. Under Texas law, "the duty to defend and the duty to indemnify are distinct and separate duties." *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). Generally, the duty to indemnify includes the duty to pay for all costs and expenses associated with defending suits against the indemnitee. *English v. BGP Int'l., Inc.*, 174 S.W.3d 366 (Tex. App. 2005). Finally, "the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Comsys Info. Tech. Services, Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 190 (Tex. App. 2003).

Here, Advanced Crane argues, and the Court agrees, that the issue of whether Advanced Crane owes HR&P a duty to indemnify is not ripe for adjudication and is prematurely presented in the Motion for Summary Judgment. The enforcement of the duty to indemnify is premature because: 1) the case has not been adjudicated or settled, and 2) legal responsibility for damages has not been found. While HR&P has alleged facts disputing liability, it has failed to challenge its liability amongst Plaintiffs. Instead, it has sought dismissal based upon a duty to indemnify that is properly brought post-judgment. Because Advanced Crane's duty to indemnify is not yet enforceable, HR&P is not entitled to judgment as a matter of law on this issue.

### D. Duty to Defend

Unlike the duty to indemnify, under Texas law, the duty to defend arises when the party receives notice of the litigation. Furthermore, the duty to defend will arise if an indemnitee is sued on various theories. *English*, 174 S.W.3d at 373–74. A duty to defend is determined solely by the allegations in the underlying pleadings and the language of the insurance policy. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Finally, under the "eight corners" rule, if the underlying petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. *Merchants Fast Motor Lines*, 939 S.W.2d at 141.

Here, the facts alleged in the complaint are covered by the indemnity provision. Thus, a duty to defend is imposed upon Advanced Crane. However, according to Advanced Crane, it fulfilled its duty to HR&P under Texas law by offering to provide a defense via its insurer, Scottsdale Insurance Company ("Scottsdale Insurance"). In a letter sent by certified mail on March 25, 2010, Scottsdale Insurance offered to defend HR&P based upon HR&P's contentions that Advanced Crane owed it an obligation to defend and indemnify pursuant to a contract. (Ex. D, at 2). HR&P has offered no facts to counter this assertion. Thus, facts alleged by Advanced Crane establish that it has complied with its duty to defend HR&P under the indemnity provision. Because Advanced Crane has

complied with its duty to defend, HR&P is not entitled to judgment as a matter of law on this issue.

### III. Breach of Contract

Under Texas law, the elements of a breach of contract claim are: 1) the existence of a valid contract, 2) performance or tendered performance by the plaintiff, and 3) breach by the defendant and damages sustained by the plaintiff as a result of that breach. *Southwell v. University of Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex. App. 1998); *Jacintoport Int'l., L.P. v. Sealift, Inc.*, No. H–08–3081, 2010 WL 743954 *2 (S.D. Texas March 1, 2010). Cross Claimant Defendant HR&P asserts that Advanced Crane has materially breached their 2003 Client Services Agreement.

#### A. Validity of Contract

Under Texas law, whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the parties entered the contract. *See Friendswood Dev. Co. v. McDade + Company*, 926 S.W.2d 280, 282 (Tex. 1996). Once a court finds a contract unambiguous, the court should then construe the contract as a matter of law. *See, Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005).

Here, a valid and unambiguous contract exists between HR&P and Advanced Crane. Both parties agree that on March 14, 2003, HR&P and Advanced Crane entered into an agreement entitled "Client Service Agreement."

In accordance with that agreement, HR&P agreed to provide human resource and personnel services to Advanced Crane, as described in the terms of the Agreement. Furthermore, both parties contend that they tendered performance to one another since the Agreement's inception. Thus, a valid contractual obligation existed between the parties.

### B. Breach

Under Texas law, a breach of contract occurs "when a party fails or refuses to do something he has promised to do." *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App. 2006). Whether a breach is material, depends upon whether, as a result of the breach, "the non-breaching party will be deprived of the benefit that it could have reasonably anticipated from full performance." *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994). Other factors that a court may look to in order to determine whether a breach is material include:

> "1. the extent to which the injured party can be adequately compensated for the part of the benefit of which he will be deprived;
> 
> 2. the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
> 
> 3. the likelihood that the party failing to perform or to offer to perform will cure his failure, taking into account all the circumstances including any reasonable assurances; and
> 
> 4. the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."

*Hernandez*, 875 S.W.2d at 695 n.2.

Here, Advanced Crane has materially breached the Client Services Agreement in several respects. First, Advanced Crane failed to name HR&P as an additional insured on its commercial general liability policy, as required by the Agreement. According to Cross Claimant Defendant HR&P, because Advanced Crane failed to add HR&P as an insured, Advanced Crane's insurer has failed to unconditionally insure, defend and indemnify HR&P in the litigation. Advanced Crane's failure to name HR&P as an insured deprived HR&P of a benefit that it could have reasonably anticipated from full performance. Thus, this is a material breach of their agreement.[4]

Second, Advanced Crane failed to notify and obtain consent from HR&P before conducting work outside of Texas. Although Advanced Crane argues that HR&P never requested notice of work being performed outside of Texas during the course of their business relationship, the Court is not persuaded by this argument. Inaction on behalf of HR&P does not relieve Advanced Crane of their obligation to notify HR&P, nor does HR&P's inaction satisfy the requirements of tacit acceptance. Advanced Crane also failed to notify HR&P of the January 21, 2009 accident. HR&P asserts that had Advanced Crane notified them of the accident, they could have conducted factual investigations of the Plaintiffs' claims against them. Furthermore, HR&P asserts that they could have made pre-suit demands upon Advanced Crane and Scottsdale insurance in lieu of the current

---

[4] The Court is not persuaded by Advanced Crane's counterargument that a 2002 client agreement had no such requirement. This does not relieve Advanced Crane of its obligations under the 2003 agreement.

14

litigation. Advanced Crane's failure to notify HR&P does not comport with standards of good faith and fair dealing and thus, constitutes a material breach of their agreement.[5]

Accordingly, the Court finds that Cross Defendant's duty to indemnify is not yet enforceable. Furthermore, Cross Defendant has alleged sufficient facts to establish that it complied with its duty to defend HR&P under the indemnity provision. However, the Court finds that Cross Claimant Defendant has alleged sufficient facts to establish that Cross Defendant materially breached the client agreement between the parties. Thus, Cross Claimant Defendant is entitled to judgment as a matter of law on those issues.

## CONCLUSION

For the foregoing reasons, Cross Claimant Defendant's Motion for Summary Judgment (doc. 45) is hereby **GRANTED** in part and **DENIED** in part. The Court **GRANTS** the motion with regard to the breach of contract claims. The Court **DENIES** the motion with regard to the duty to indemnify, defend, and hold harmless.

Baton Rouge, Louisiana, September 28, 2012.

                                                                            BRIAN A. JACKSON, CHIEF JUDGE
                                                                            UNITED STATES DISTRICT COURT
                                                                            MIDDLE DISTRICT OF LOUISIANA

---

[5] HR&P also asserts that Advanced Crane breached its contract for failing to indemnify, defend, and hold HR&P harmless. The Court denies this claim based on the legal and factual conclusions set forth in this ruling.

15